

IN THE
TENTH COURT OF APPEALS

No. 10-12-00307-CR

HEIDI MEIERS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 18th District Court
Johnson County, Texas
Trial Court No. F35146

# ORDER

Heidi Meiers was convicted of criminal non-support. TEX. PENAL CODE ANN. § 25.05 (West 2011). Appointed trial counsel for Meiers filed a notice of appeal on Meiers's behalf with the trial court on August 20, 2012. The trial court signed an order allowing trial counsel to withdraw as counsel for Meiers on the same date. On August 24, 2012, the trial court appointed other counsel to represent Meiers on appeal. When an appellate brief for Meiers was not timely filed, the appeal was abated to the trial court to conduct any necessary hearings. *See* TEX. R. APP. P. 38.8(b)(2), (3). As a result of

the abatement order, new counsel was appointed by the trial court on February 27, 2013. Counsel immediately filed a motion to extend the time to file a brief on Meiers's behalf to April 29, 2013. That motion was granted.

Meiers's brief has not been filed. Counsel has now filed a second motion for extension of time to file Meiers's brief. However, since that motion was filed, we received a letter from Meiers indicating that she had "fired" her appointed appellate counsel effective April 26, 2013. Meiers cites that letters and questions from her have gone unanswered and messages left at counsel's office by Meiers's "power of attorney" have also been unanswered as reasons for the "firing." Meiers states in her letter that she has requested the trial court to appoint new counsel to represent Meiers on appeal but she also indicates in her letter that she has heard nothing from the trial court.

Counsel's pending "Second Motion to Extend Time to File Appellant's Brief" is denied. The motion is confusing because counsel requests a 60 day extension but the proposed due date would require a 90 day extension. An extension for either time would place the brief being filed 120 to 150 days beyond the time new counsel was appointed and well beyond the time when it was represented the brief would be filed.

Accordingly, this case is abated to the trial court to hold a hearing within **28 days** from the date of this order to determine how to proceed with reference to representation in this proceeding, specifically whether appointed counsel should be discharged and new counsel for Meiers appointed, and a date certain by when

appointed counsel, whoever that is, will file a brief. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04 (West Supp. 2012). We recognize that Meiers does not have the authority to "fire" appointed counsel and she is not entitled to appointed counsel of her choosing. *See Dunn v. State*, 819 S.W.2d 510, 520 (Tex. Crim. App. 1991); *Long v. State*, 137 S.W.3d 726, 735 (Tex. App.—Waco 2004, pet. ref'd). Nothing herein should be construed otherwise nor should it be inferred that current appointed counsel must be replaced.

Supplemental Clerk's and Reporter's Records containing the trial court's written or oral findings and rulings are ordered to be filed within **49 days** from the date of this order.


PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal abated
Order issued and filed May 23, 2013